UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CARL EUSTADE,

                         Plaintiff,

        - against -

JOSEPH EUSTADE; MARTHA LOUISSAINT;
and THE EUSTADE AND LOUISSAINT
FAMILY,

                       Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-1081 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

        On December 23, 2022, *pro se* Plaintiff Carl Eustade filed this action in the United States District Court for the Southern District of New York and alleged federal question jurisdiction. (Compl., Dkt 2.)  On January 27, 2023, the Southern District granted Plaintiff's request to proceed *in forma pauperis* ("IFP").  (*See* Dkt. 3.)  By Order dated January 31, 2023, the Southern District transferred the action to this Court.  (Transfer Order, Dkt. 4.)  For the reasons set forth below, the Complaint is dismissed.  In light of his *pro se* status, Plaintiff is granted thirty (30) days from the date of this Order to submit an Amended Complaint.

## BACKGROUND

        Plaintiff's Complaint is far from a model of clarity.  He alleges that Defendants, some of whom appear to be family members, violated his First Amendment rights.  (Compl., Dkt. 2 at 2.)  According to Plaintiff, he was "drugged" and misdiagnosed at Brookdale Hospital, and "got molested and still face[d] prison time," and was "also in the trains . . . every day being framed with voodoo."  (*Id.*)  Plaintiff asserts that Defendants Eustade and Louissaint sent people "through the internet" to harass and frame him.  (*Id.* at 5.)  It is unclear what relief Plaintiff is seeking.  (*Id.* at 6.)

1

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, courts must hold the pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy" or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted).

## DISCUSSION

### I.    Plaintiff Fails to Comply with Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-

2

defendant-unlawfully-harmed-me accusation.").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.*  (internal citations and alterations omitted).  To satisfy this standard, a complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."  *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotations omitted).  "When a complaint fails to comply with these requirements contained in Rule 8, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial."  *Chapman v. United States Dep't of Justice*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (citations and brackets omitted).

Here, Plaintiff's Complaint plainly violates Rule 8.  The Complaint contains only "naked assertions" and fails to "disclose sufficient information to permit the defendant[s]"—let alone the Court—to understand what allegations Plaintiff is making , the claims he is bringing, and the legal basis for the relief he seeks.  *See Iqbal*, 556 U.S. at 678; *Kittay*, 230 F.3d at 541.  Therefore, on the basis of Rule 8 alone, the Complaint is dismissed with leave to amend.

## II.   Plaintiff Fails to State a Basis for Federal Question Jurisdiction

Plaintiff asserts that the Court has federal question jurisdiction, but does not suggest a plausible basis for the exercise of jurisdiction.  This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see also Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004).  "A plaintiff properly invokes [Section] 1331 jurisdiction when [he or] she pleads a colorable claim "arising under" the Constitution or laws of the United States."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

To the extent that Plaintiff seeks to allege that federal question jurisdiction is predicated upon the First Amendment, his claim fails.  A claim "may be dismissed for want of subject-matter

jurisdiction [because] it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"  *Arbaugh*, 546 U.S. at 513 n.10; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).  Plaintiff references the First Amendment in the Complaint.  (*See* Compl., Dkt. 2, at 2.)  However, simply purporting to raise a federal issue in a complaint will not automatically confer federal question jurisdiction: a federal district court may only exercise federal question jurisdiction if the federal cause of action alleged potentially has merit.  *See Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005) ("a plaintiff cannot create federal jurisdiction under § 1331 simply by alleging a federal claim where in reality none exists.  Subject matter jurisdiction will lie only where the court determines that the substance of the plaintiff's allegations raises a federal question."); *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("Federal question jurisdiction exists where a well-pleaded complaint establishes either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a *substantial question of federal law*.") (citations and internal quotations omitted, and emphasis in original).  Plaintiff's Complaint, as presently pled, fails to allege a substantial, non-frivolous federal claim that implicates the Court's federal question jurisdiction.  Therefore, the Complaint must be dismissed.

## III.   Leave to Amend

Given Plaintiff's *pro se* status, the Court will allow Plaintiff thirty (30) days from the date of this memorandum and order to file an Amended Complaint.  Plaintiff is advised that should he elect to file an Amended Complaint, he must plead sufficient facts to allege a violation of his constitutional or federal rights and comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short and plain statement of his claim.  Plaintiff must name as proper defendants those individuals who have some personal involvement in the action he alleges in the Amended Complaint.  *See Iqbal*, 556 U.S. at 676 ("a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution."). If Plaintiff wishes to bring a claim against a defendant and he does not know the name of the individual, he may identify each of them as John Doe or Jane Doe, along with place of employment (if applicable), and to the best of his ability describe each individual and explain what each defendant did or failed to do in violation of his constitutional or federal rights.

## CONCLUSION

Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is granted thirty (30) days leave from the date of this memorandum and order to file an Amended Complaint as detailed above. If Plaintiff fails to file an Amended Complaint within the time allowed or show good cause why he cannot comply, judgment shall enter. All further proceedings shall be stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 17, 2023
      Brooklyn, New York